**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MIROSLAV FEJFAR,<br><br>      Petitioner-Appellant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>      Respondent-Appellee. | No.   17-35987<br><br>D.C. No. 3:17-cv-00191-MC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

Argued and Submitted May 15, 2018
San Francisco, California

Before: THOMAS, Chief Judge, FRIEDLAND, Circuit Judge, and ZILLY,[**] District Judge.

Petitioner Miroslav Fejfar challenges the district court's denial of his

petition for writ of habeas corpus. Because the parties are familiar with the factual

and procedural history of the case, we need not recount it here. We have

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Thomas S. Zilly, United States District Judge for the Western District of Washington, sitting by designation.

jurisdiction pursuant to 28 U.S.C. § 2253(a). We review the district court's denial of a habeas petition challenging certification of an extradition order de novo. *McKnight v. Torres*, 563 F.3d 890, 892 (9th Cir. 2009). We review the denial of a stay for abuse of discretion. *See Nken v. Holder*, 556 U.S. 418, 433 (2009).

By letter dated December 1, 2016 the Ministry of Justice of the Czech Republic informed the United States Department of Justice that Fejfar has already challenged the validity of the 2006 order before courts in the Czech Republic, including the Constitutional Court. The Constitutional Court of the Czech Republic held that Fejfar's sentence was not statute-barred for lapse of time. Judicial inquiry into foreign criminal procedural issues is limited in the extradition context. *See, e.g.*, *Blaxland v. Commonwealth Dir. of Pub. Prosecutions*, 323 F.3d 1198, 1208 (9th Cir. 2003); *Grin v. Shine*, 187 U.S. 181, 187 (1902). The district and magistrate judges rejected Fejfar's claims after a thorough analysis of the validity of the 2006 order. We see no error in their conclusion, particularly given the narrowly circumscribed nature of our review.

Given the circumstances of this case, the BIA's decision to administratively close Fejfar's immigration case pending the outcome of his extradition proceedings does not violate Fejfar's due process or First Amendment rights. *Cf. Barapind v. Reno*, 225 F.3d 1100, 1106-08 (9th Cir. 2000). Under the Attorney General's

2

recent decision in *In re Castro-Tum*, 27 I&N Dec. 271 (A.G. May 17, 2018), Fejfar may seek to reopen his administratively closed immigration proceedings for re-calendaring. However, given the context of the case, the district court did not abuse its discretion in denying a stay of extradition proceedings.

**AFFIRMED.**